UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 15-86(2)(DSD/JSM)

Ornella Angelina Hammerschmidt

      Defendant,

v.                                                              **ORDER**

United States of America,

      Plaintiff.

    This matter is before the court upon the appeal by defendant Ornella Angelina Hammerschmidt to the August 11, 2015, order of United States Magistrate Judge Janie S. Mayeron. The order denies Hammerschmidt's motion to delete language in the indictment as irrelevant or unfairly prejudicial.

    The standard of review applicable to an appeal of a magistrate judge's order on nondispositive discovery matters is "extremely deferential." <u>Reko v. Creative Promotions, Inc.</u>, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). The court will reverse such an order only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); D. Minn. LR 72.2(a)(3). After a thorough review of the file and record, the court finds that the order is neither clearly erroneous nor contrary to law.

    Hammerschmidt argues that the magistrate judge erred in not striking language from the indictment stating that she misrepresented to prospective clients that she was an attorney. The court should strike language in the indictment "only where it is clear that the allegations contained therein are not relevant to

the charge made or contain inflammatory and prejudicial matter." United States v. Figueroa, 900 F.2d 1211, 1218 (8th Cir. 1990) (quoting Dranow v. United States, 307 F.2d 545, 558 (8th Cir. 1962)).  The language in question is neither inflammatory nor prejudicial.  Rather, it simply explains the manner in which Hammerschmidt attracted clients necessary to the fraudulent scheme alleged.  Although Hammerschmidt is correct that her alleged deception with respect to her professional status is not a required element of the offense charged, it explains the means by which she committed the alleged offense and is therefore properly contained in the indictment.  See United States v. Dahl, No. 13-139, 2013 WL 5487467, at *2 (D. Minn. Oct. 1, 2013) (holding that "because the Indictment's use of the term 'scheme' is consistent with the Government's theory of the case and what it intends to prove at trial, the term is not irrelevant or unduly prejudicial and will not be stricken from the Indictment").

    Accordingly, **IT IS HEREBY ORDERED** that:

1.    The order [ECF No. 82] is adopted in its entirety; and
2.    Defendant's appeal of the order [ECF No. 86] is denied.

Dated: September 8, 2015

                                      s/David S. Doty
                                      David S. Doty, Judge
                                      United States District Court