UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 15-86(2)(DSD/TNL)

United States of America,

       Plaintiff,

v.                                                              **ORDER**

Ornella Angelina Hammerschmidt

       Defendant.

      Michelle E. Jones, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, counsel for plaintiff.

      Jean M. Brandl, Esq. and Brandl Law, LLC, 310 Fourth Avenue South, Suite 5010, Minneapolis, MN 55415, counsel for defendant.

This matter is before the court upon the motion by defendant Ornella Angelina Hammerschmidt for modification of her sentence under Rule 35 of the Federal Rules of Criminal Procedure.  Based on a review of the file, record, and proceedings herein, the motion is denied.

On November 17, 2016, the court sentenced defendant to 48 months' imprisonment for making a false claim for refund, in violation of 18 U.S.C. § 287.  The sentence reflects an upward variance from the guidelines range of 24-30 months.  The government argued that an upward variance was appropriate, and the court agreed based on the uncontested findings contained in the presentence investigation report (PSR).  Defendant timely appealed her sentence and soon after filed the instant motion, arguing that

her sentence was erroneous because her counsel did not address all of the arguments made by the government in support of its request for an upward variance.

Rule 35(a) provides that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). It does not permit a court "to reconsider the application or interpretation of the sentencing guidelines" or "simply to change its mind about the appropriateness of the sentence." United States v. Cannon, 719 F.3d 889, 891 (8th Cir. 2013) (internal quotations omitted) (citing United States v. Sadler, 234 F.3d 368, 374 (8th Cir. 2000)). Rather than point to the kind of error contemplated by Rule 35, defendant's motion is a belated attempt to more fully respond to the government's request for an upward variance. In other words, defendant contends that her counsel was ineffective at the time of sentencing. A Rule 35 motion is not the proper vehicle to assert such a claim. See United States v. Jett, 782 F.3d 1050, 1052 (8th Cir. 2015) ("An ineffective assistance of counsel claim does not fit in Rule 35(a)'s narrow scope.").

Accordingly, **IT IS HEREBY ORDERED** that the motion to modify sentence [ECF No. 162] is denied.

Dated: December 21, 2016

s/David S. Doty
David S. Doty, Judge
United States District Court